# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JERRY LEE CANFIELD, #01848978, § § § | |
| Plaintiff, § § | |
| v. § § | Case No. 6:24-cv-60-JDK-KNM |
| DIRECTOR, TDCJ, et al., § § § | |
| Defendants. § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jerry Lee Canfield, proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## I.

Plaintiff is a TDCJ prisoner serving a fifty-year sentence for continuous sexual abuse of a child. He claims that after he served ten years of his sentence, TDCJ officials explained he would be classified as a G2 prisoner. However, after his classification hearing in 2022, he was informed that he would not be classified as a G2 prisoner because of his offense of conviction, as Defendants reclassified him and "all inmates convicted under Jessica's Law down to a G3" status.

Plaintiff explains that a TDCJ G3 classification, as opposed to a G2, is a more restrictive status that places limitations on prison housing and privileges, restrictions to prison programs, and the denial of "good jobs" inside prison. Docket No. 1 at 5. According to Plaintiff, this "reclassification" due to his offense and Jessica's Law violated his rights under the Equal Protection Clause because he is treated differently because of his status as a sex offender and Jessica's Law.

On January 27, 2025, Judge Mitchell issued a Report (Docket No. 31), recommending that Defendants' motion to dismiss (Docket No. 15) be granted and that Plaintiff's lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted. As an initial matter, Judge Mitchell explained that Jessica's Law is the informal name given to a Texas law that enhances penalties for repeat sexual offenders, eliminates the statute of limitations for certain sexual offenses, establishes a minimum 25-year sentence for aggravated sexual assault of a child under the age of six or violent aggravated sexual abuse of a child under the age of fourteen, and creates the offense of continuous sexual abuse of a child. *See* House Bill 8, 80th Leg.; Allen Place, *Legislative Update*, 70 Tex. B.J. 676, 677 (2007); *see also Lane v. Director*, 2019 WL 667738, at *3 (E.D. Tex. Feb. 18, 2019) (explaining Jessica's Law).

In her report, Judge Mitchell found that Plaintiff failed to articulate facts that would show that TDCJ's G3 prisoner classification policy violated his constitutional rights. Judge Mitchell explained that because Plaintiff has no protected liberty interest in his custodial classification, his status as a sex offender does not entitle

him to intermediate or strict scrutiny under the Constitution. And rational reasons exist to restrict privileges to prisoners serving sentences for the sexual abuse of children, thus precluding an Equal Protection violation.

She further determined that Plaintiff failed to present facts that would demonstrate an ex post facto or Eighth Amendment violation, finding that requiring Plaintiff to serve the majority, if not all, of his 50-year sentence as a G3 prisoner does not extend the length of his sentence and Plaintiff has no constitutional right to pick and choose his prison housing assignment. After receiving an extension of time to do so, Plaintiff filed timely objections. Docket No. 38.

## II. STANDARD

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten days to fourteen days).

## III. ANALYSIS

Plaintiff filed nine objections. Docket No. 38. The Court analyzes each in turn.

### A. First Objection

Plaintiff first asserts that he "complains that not only did the defendants act with disparate treatment when they created the G3 policy for those convicted under Jessica's Law[,] but also, the Defendants are unequally applying the G3 policy by

3

giving parole eligibility and a G2 towards inmates convicted under Jessica's law, but [the same] is denied to me." Docket No. 38 at 1. Accordingly, Plaintiff states that he stated an Equal Protection claim under the class-of-one doctrine. As this is merely rearguing, this objection does not identify an error in the Magistrate Judge's Report.

### B. Second Objection

Next, Plaintiff objects to the finding that he failed to state a claim on the basis that he "identifies no discriminatory intent," which he insists is "not true." *Id.* at 2. Plaintiff points to his attachments, identifying two separate TDCJ prisoners who each killed an officer while inside prison. One of those prisoners, who had previously been convicted of sexual assault, was then given a life sentence. The other prisoner received a twenty-five-year sentence with no parole, but his previous convictions did not include sexual assault. Plaintiff insists that this shows Defendants' intent to discriminate against sexual offenders. *Id.* at 3.

This objection is without merit. To establish a violation of the Equal Protection Clause, a plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001); *see also Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012) ("To establish an equal protection claim, Gallegos must show that two or more classifications of similarly situated persons were treated differently." (citation omitted)). Here, Plaintiff is a convicted sex offender; he cannot show that he is "similarly situated" to the prisoners he cites above, whom he notes were convicted of killing officers. This example does not show an Equal Protection violation.

The Magistrate Judge correctly found that Plaintiff failed to state a viable claim. As an important threshold matter, it is well settled that prisoners serving sentences for sexually abusing children are not members of a suspect class warranting heightened scrutiny. *See Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) ("A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class."). Plaintiff's challenge to his housing classification based on his conviction for sexual abuse of a child is therefore subject to rational basis review. *See Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014) ("As a result, any classification of convicted sex-offenders is subject to a rational basis review."). The Court therefore conducts a rational basis review.

To survive rational basis review, the challenged classification "need only be rationally related to a legitimate government interest." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). And courts must uphold the classification against an equal protection challenge if "there is *any* reasonably conceivable state of facts that could provide a rational basis for the classification." *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1047 (5th Cir. 2023) (emphasis added) (citation omitted).

Here, the Magistrate Judge thoroughly outlined federal precedent emphasizing that prison restrictions on privileges, work release, parole, and housing—for convicted sex offenders—are rationally related to legitimate governmental interests. *See* Docket No. 31 at 12; *see also Bell v. Woods*, 382 F. App'x 391, 392–93 (5th Cir. 2010) (restriction on sex offenders from using computers is

5

rationally related to legitimate interest); *Unruh v. Moore*, 326 F. App'x 770, 772 (5th Cir. 2009) (exclusion of sex offenders from a certain prison job); *Brown v. Dretke*, 184 F. App'x 384, 385 (5th Cir. 2006) (subjecting prisoners convicted of sex offenses to different parole procedures); *Mahfouz v. Lockhart*, 826 F.2d 791, 794 (8th Cir. 1987) (per curiam) (holding that excluding sex offenders as a group from work-release program was rationally related to legitimate purpose of preventing sex crimes). Accordingly, as Plaintiff describes it, TDCJ's implementation of a policy that places prison restrictions on prisoners convicted of sex offenses presents no constitutional concern.

Indeed, as the Magistrate Judge found, it is rational to conclude that limiting sex offenders such as Plaintiff to a G3 prisoner classification—which restricts privileges inside prison—is necessary to prevent future sex crimes, protect vulnerable populations, and promote rehabilitation. *See Stauffer*, 741 F.3d at 585 (citing *McKune v. Lile*, 536 U.S. 24, 32–33 (2002) (recognizing that Kansas, for example, had an undeniable interest in rehabilitating sex offenders)); *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) (explaining that "[s]ex offenders are a serious threat in this Nation.  The victims of sex assault are most often juveniles, and when convicted sex offenders reenter society, they are much more likely than any other type of offender to be re-arrested for a new rape or sexual assault.") (cleaned up). Plaintiff identifies no error in the Magistrate Judge's Report, and this objection will be overruled.

6

## C. Third Objection

Next, Plaintiff objects to the Magistrate Judge's determination that he cannot maintain a "class-of-one" Equal Protection claim because rational bases exist to justify restricting a sex offender to a higher custody level to prevent sexual offenses and protect children. As Plaintiff notes, "[t]here are no children within Texas prison that are in general population." Docket No. 38 at 4.

This objection is meritless and ignores well-established precedent demonstrating that prison restrictions—such as classification determinations—on those convicted of sex offenses do not violate the Equal Protection Clause as explained above. Moreover, it also omits long-standing precedent that prisoners do not have a liberty interest in their custodial or security classifications. *See Wolters v. Federal Bureau of Prisons*, 352 F. App'x 926, 928 (5th Cir. 2009) ("[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and does not have the constitutional right to be housed in a particular facility." (citation omitted)).

To the extent that Plaintiff insists that such classification system is unfair or unwarranted, such restrictions "are part of the penalty that criminal offenders pay for their crimes against society" and their victims. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Fundamentally fatal to Plaintiff's "class-of-one" theory is that he is indeed a convicted prisoner. Prison officials are afforded wide-ranging deference in managing prison operations—many of which include functions that are necessarily discretionary, such as classifying and housing prisoners. *See Butler v. Southern*

*Porter*, 999, F.3d 287, 296 (5th Cir. 2021) ("Great deference is accorded to prison officials in their determination of custodial status." (citation omitted)). To this end, multiple federal courts have held that Equal Protection claims relying on a "class-of-one" theory are not viable when based on individualized assessments of prisoners. *See, e.g.*, *Dawson v. Norwood*, 2010 WL 2232355, at *2 (W.D. Mich., June 1, 2020) (rejecting class-of-one equal protection claim that the plaintiff was treated differently from other prisoners in administrative segregation because "the class-of-one equal protection theory has no place in the prison context where a prisoner challenges discretionary decisions regarding security classifications and prisoner placement"); *Upthegrove v. Holm*, 2009 WL 1296969, at *1 (W.D. Wis., May 7, 2009) (prisoner's class-of-one equal protection claim was properly dismissed "in light of current rulings suggesting that 'class-of-one equal' protection claims are not cognizable in such an individualized and discretionary setting as the prison setting"); *Striz v. Collier*, 2020 WL 7868102, at *13 (S.D. Tex., Nov. 24, 2020), *aff'd* 2022 WL 1421834 (5th Cir., May 5, 2022).

Here, Plaintiff insists that he has pleaded a violation when examining fellow prisoner Clinton Shoemaker, who was convicted of aggravated sexual assault of a child and sentenced to fifty years' imprisonment. *See* Docket No. 28 at 7. He maintains that Shoemaker enjoys a G2 classification status and was given a parole eligibility date—despite his conviction for a sex offense against a child—while Plaintiff is denied both.

8

However, Plaintiff has not pleaded facts sufficient to show that he is similarly situated to Shoemaker. Unlike Shoemaker, who was convicted of aggravated assault of a child, Plaintiff was convicted of continuous sexual assault of a child. Therefore, Plaintiff is not similarly situated to Shoemaker. *See Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 353 (5th Cir. 2017) (explaining that a viable equal protection claim requires a showing that "similarly situated persons were treated differently" (citation omitted). Moreover, given the discretionary nature of prison operations—including prisoner classification decisions—Plaintiff's class-of-one theory fails. *See Howard*, 756 F. App'x at 604 (determining that a class-of-one equal protection claim failed because it challenged discretionary decision making (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008))). Plaintiff has not identified an error in the Report, and this objection is overruled.

### D. Fourth Objection

Plaintiff also objects to the Magistrate Judge's recommendation to deny Plaintiff an opportunity to amend his lawsuit. He argues that he can "plead his best case" because he requests permission to now claim that "Defendants are unequally applying the G3 policy by giving parole eligibility and a G2 towards inmates convicted under Jessica's Law but denies both to me." Docket No. 38 at 6.

The Magistrate Judge is correct: Any attempt to amend Plaintiff's lawsuit would still result in the same analysis for his failure to state a claim upon which relief may be granted. There is no constitutional right to parole. It is well-settled that a state prisoner does not have a federal constitutional right to early release from a lawful sentence. *See Greenholtz v. Inmates of Neb. Penaland Corr. Complex*, 442 U.S.

9

1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Orellena v. Kyle*, 65 F.3d 29, 31–32 (1995); *Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007).

The decision to grant or deny parole is discretionary under Texas law, and the Texas parole statutes do not create any protected liberty interest that implicates constitutional considerations. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Much like Plaintiff has no protected liberty interest in his custodial/security classification, he has no protected liberty interest in early release from prison. Therefore, his G3 status and parole ineligibility do not trigger constitutional concerns. Plaintiff's amended claim remains meritless. *See Peoples v. Federal Bureau of Prisons*, 78 F. App'x 956, 957 (5th Cir. 2003) (explaining that there is no liberty interest in a parole eligibility date).

### E. Fifth Objection

Plaintiff further argues that the "Magistrate [Judge] Mitchell viewed all facts and [wrote] her recommendation with disfavor towards the Plaintiff," Docket No. 38 at 7, and not in the light most favorable to him.

While it is true that pro se litigants must be held to less stringent standards than lawyers, pro se litigants are not exempt from the requirement of alleging sufficient facts to allege a plausible claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (explaining that a pro se litigant "still must actually argue something that is susceptible to liberal construction").

Here, it is the law that disfavors Plaintiff's claims. TDCJ classifying him as a G3 prisoner because of his status as a sex offender is subject to rational basis review. And Plaintiff has not pleaded facts or otherwise shown that such prison restrictions are not rationally related to legitimate governmental interests. In fact, federal precedent squarely rejects Plaintiff's claims. This objection identifies no error and will be overruled.

### F. Sixth Objection

In his sixth objection, Plaintiff argues that the Magistrate Judge held him to a higher standard when he is only required to make a plausible case to survive a motion to dismiss. This objection does not explain how the Report holds him to a higher standard and identifies no specific error in the substance of the Report.

### G. Seventh Objection

Plaintiff also objects to the Magistrate Judge's analysis regarding the statute of limitations. He argues that the actual injury did not occur until 2022 when he was denied G2 status. The docket, however, reflects that the Magistrate Judge did not base her recommendation on the statute of limitations. Rather, she correctly determined that Plaintiff failed to state a claim upon which relief may be granted— and that Plaintiff's claims could not be cured. The Court agrees with those determinations and necessarily overrules this objection.

### H. Eighth Objection

Next, Plaintiff insists that he "is arguing that Defendants are misapplying" the classification policy "and treating him differently from similarly situated persons." Docket No. 38 at 9. Plaintiff's argument is irrelevant: A prisoner does not have a

11

protected liberty interest in his custodial/security classification, his housing, or to early release. And as Plaintiff explains, his G3 status is based on his conviction offense; thus, the classification is subject to rational basis review and survives review for the many reasons explained above. This objection fails to identify an error in the Magistrate Judge's Report.

### I. Ninth Objection

In his final objection, Plaintiff asserts that he has demonstrated discriminatory intent. He has not. Plaintiff again complains that one prisoner was granted parole, but he was not. Because he has not pleaded facts indicating that he is similarly situated to the prisoners he cites, does not have a constitutional right to parole, and has no liberty interest in the expectation of release onto parole, Plaintiff's argument fails. This objection is overruled.

### IV.

Plaintiff's lawsuit concerns TDCJ reclassifying him to a stricter G3 classification status because of his conviction for continuous sexual abuse of a child and Jessica's Law. But Plaintiff has no protected liberty interest in his prison classification. Similarly, under the Equal Protection Clause, his claim is a meritless class-of-one challenge. Sex offenders are not members of a suspect class, and various prison restrictions on their privileges, housing, classification, and even parole are rationally related to legitimate governmental interests. Further, given the discretionary nature of prison classification and parole decisions, Plaintiff's "class of one" challenge is not viable. Plaintiff's challenge to his G3 classification status, based on his conviction, fails to state a claim upon which relief may be granted.

Having reviewed the Magistrate Judge's Report and the record, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 31) as the findings of this Court.

Therefore, it is **ORDERED** that Plaintiff's objections (Docket No. 38) are **OVERRULED** and Defendants' motion to dismiss (Docket No. 15) is **GRANTED**. Plaintiff's lawsuit is **DISMISSED** with prejudice for the failure to state a claim upon which relief may be granted. Finally, any pending motions in this proceeding are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **17th** day of **March, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE